UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHON MAHON,

    Plaintiff,

    v.　　　　　　　　　　　　　　　CAUSE NO. 3:25-CV-959-GSL-AZ

ENGLISH,

    Defendant.

OPINION AND ORDER

Jonathon Mahon, a prisoner without a lawyer, filed a complaint alleging he is a Level 1 inmate who is being confined in the Level 4 area of the Miami Correctional Facility. ECF 1. He also filed a preliminary injunction motion asking to be transferred to a Level 2 facility. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mahon alleges he requested protective custody because inmates in Level 1 were stealing his property. When his protective custody request was denied, he was moved to Level 4. Mahon objects to being in Level 4, but "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970

F.2d 211, 212 (7th Cir. 1992). "[I]nmates do not have a protected liberty interest in a particular security classification." *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Therefore, his allegation that he is a Level 1 inmate housed in a Level 4 facility does not state a claim.

Mahon alleges he was attacked by inmates in Level 4. To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Here, the complaint does not allege facts from which it can be plausibly inferred that any named defendant had actual knowledge of an impending attack and failed to protect Mahon when they could have done so.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is

2

entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mahon alleges he is still in danger of attack by fellow inmates in Level 4. He asks the court to order his transfer to a Level 2 facility. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (cleaned up). Though Mahon does not state a claim based on the classification level of his facility, he does state a claim for permanent injunctive relief to protect him from attack by fellow inmates. Though it is

3

unlikely that ordering his transfer to a Level 2 facility is the least intrusive means of protecting him, the Warden will be ordered to respond to the preliminary injunction motion and required to explain how Mahon is being protected.

For these reasons, the court:

(1) GRANTS Jonathon Mahon leave to proceed against Warden English in his official capacity for injunctive relief to protect him from attack by fellow inmates as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Aubrey Neuzerling, Jon or Jane Doe, Officer, Olanrewaju Ajose, and Case Manager;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden English at the Indiana Department of Correction, with a copy of this order, the complaint (ECF 1), and the preliminary injunction motion (ECF 2);

(5) DIRECTS the clerk to email a copy of the same documents to Warden English at the Miami Correctional Facility;

(6) DIRECTS the clerk to note confirmation of receipt of the email on the docket;

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(8) ORDERS Warden English to file and serve a response to the preliminary injunction, as soon as possible but no later than **December 4, 2025** (with supporting documentation and declarations from other staff as necessary) describing/explaining how Jonathon Mahon is being protected from attack by other inmates as required by the Eighth Amendment.

SO ORDERED on November 20, 2025

/s/ Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT